IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA,

v.

WILLIE HUBBARD,

Defendant.

1:15-cr-146-3-WSD

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Catherine M. Salinas's Report and Recommendation [125] ("R&R"). The Magistrate Judge recommends that Defendant Willie Hubbard's ("Defendant") Motion to Sever Defendants [84] be denied without prejudice, and that Defendant's Motion to Suppress Statements [83] be denied. The parties have not objected to the R&R.

## I.    BACKGROUND[1]

Defendant, and four codefendants, are charged with conspiracy to commit bank fraud (Count 1), in certain of the five (5) counts of bank fraud (Counts 2-6), and in certain of the five (5) counts of aggravated identify theft (Counts 7-11).

---

[1]    The parties have not objected to the facts set forth in the R&R, and finding no plain error in the Magistrate Judge's account of them, the Court adopts the facts set out in the R&R.

(Indictment [1]).[2]  The Indictment alleges that Defendant and his codefendants, without the knowledge or consent of the true account holders, obtained personal information and bank account information relating to home equity lines of credit and personal bank accounts at JP Morgan Chase Bank and Credit Union of Southern California, which are both insured by the Federal Deposit Insurance Corporation.  (Id. ¶ 3).  Defendants allegedly used the information to impersonate the true account holders, either in person or over the telephone, in order to withdraw cash from the compromised bank accounts, or transfer funds from the compromised bank accounts to other bank accounts ultimately controlled by one of the coconspirators.  (Id. ¶ 4).

In his Motion to Sever, Defendant argues that, under Bruton v. United States, 391 U.S. 123 (1968), his trial should be severed from the trial of his codefendants because certain of his codefendants may have given statements that incriminate him.

In his Motion to Suppress Statements, Defendant argues that statements he made to United States Secret Service Special Agents Michael Butts ("SA Butts") and James Cox ("SA Cox") during an October 31, 2013, interview are required to be suppressed because Defendant was not advised of his Miranda rights, and his

---

[2]  Specifically, Defendant is charged in Counts 2, 3 and 5 of the bank fraud counts, and Counts 7, 8, and 10 of the aggravated identify theft counts.

2

statements were not made voluntarily.  Defendant seeks to suppress statements he made regarding his business bank accounts and his business relationship with certain codefendants and alleged coconspirators.

On January 11, 2016, the Magistrate Judge conducted an evidentiary hearing on Defendant's Motion to Suppress Statements.  At the hearing, SA Butts testified that, a few days before the October 31, 2013, interview, he called Defendant to schedule an interview at the Secret Service field office in Atlanta, and Defendant agreed to meet with him to discuss Defendant's business.  (Tr. [119] at 9-10).  On October 31, 2013, Defendant arrived at the Peachtree Summit Federal Building, a standalone federal building.  SA Butts testified that he did not know how Defendant arrived for the interview, but that neither he, nor any other law enforcement officer, brought Defendant to the interview.  (Id. at 11).  Although SA Butts was not present when Defendant arrived at the building entrance, he testified that Defendant would have had to present identification and pass through security screening, including a magnetometer, to enter the building.  (Id. at 12).

The interview was conducted in a conference room on the 30th floor, in a secure area.  SA Butts could not recall whether Defendant took the elevator by himself, or whether he escorted Defendant, to the 30th floor.  (Id. at 12).  SA Butts testified that the conference room was large and that it had two doors, which were

3

closed but unlocked during the interview, and that Defendant had a clear path to exit.  (Id. at 16-18).  SA Butts conducted the interview and SA Cox was present throughout the interview to take notes.  (Id. at 13).  SA Butts stated that he and SA Cox were probably wearing suits, but they may have been wearing polo shirts with khaki pants.  (Id. at 14-15).  SA Butts and SA Cox were armed, but, SA Butts could not recall whether Defendant could see their pistols because they were holstered on their hip and SA Butts could not recall whether they were wearing jackets.  (Id.).

SA Butts testified that he began the interview by thanking Defendant for coming in and "told him he's not obligated to speak with me.  He doesn't have to speak to me.  He can leave as he chooses.  And I would have basically just told him—the gist of what I told him was he didn't have to be there."  (Id. at 19).  Neither SA Butts nor SA Cox told Defendant that he was under arrest; they did not unholster or touch their pistols; they did not threaten Defendant in any way; and they did not touch Defendant, other than to shake his hand.  (Id. at 19-20).  SA Butts testified that they did not give Defendant Miranda warnings because, in SA Butt's view, Defendant was not in custody.  (Id. at 20).

The interview lasted 30 to 45 minutes.  SA Butts, SA Cox and Defendant were calm and they never became confrontational.  (Id. at 20, 22).  Defendant

answered questions about his business bank accounts, and at some point during the interview, Defendant said that he thought he needed an attorney.  (Id. at 21, 26-27). After Defendant mentioned an attorney, the agents did not ask any more questions and they ended the interview.  SA Butts told Defendant that if Defendant got an attorney, to let him know who it was so they could talk with him.  (Id. at 22, 35). SA Butts then escorted Defendant to the elevator, and Defendant left the building. (Id. at 23).

## II.    STANDARD OF REVIEW

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59; Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam).  A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  With respect to those findings and recommendations to which a party has not asserted objections, the Court must conduct a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983). Here, neither the Government nor Defendant filed objections to the R&R and the Court reviews the findings and recommendations in the R&R for plain error.

## III.   DISCUSSION

### A.   Motion to Sever

The Confrontation Clause of the Sixth Amendment guarantees a defendant the right "to be confronted with the witnesses against him."  U.S. CONST. amend. VI.  In Bruton v. United States, the Supreme Court held that admission of a codefendant's statement, which on its face inculpated the defendant at their joint trial, violated the Confrontation Clause despite the court's limiting instruction. Bruton v. United States, 391 U.S. 123, 125-26 (1968).  "Only those statements made by a non-testifying defendant which directly inculpate a codefendant give rise to a constitutional violation."  United States v. Veltmann, 6 F.3d 1483, 1500 (11th Cir. 1993).

Here, although Defendant argues that he "is aware that some of [his] codefendants have given statements which directly or indirectly incriminate Mr. Hubbard," Defendant fails to identify the statements he contends incriminate him. (Mot. to Sever at 2).  In its Response, the Government states that it is unaware of any statement by a codefendant in this case that incriminates Defendant, and the Government represents that it will timely notify Defendant if it learns of such a statement that it intends to introduce at trial.  (Resp. [92] at 1).  Because Defendant did not file a reply brief, the Magistrate Judge found that Defendant did not

disagree with the Government's position that Defendant's motion should be denied without prejudice.  (R&R at 2).  The Court finds no plain error in the Magistrate Judge's findings and recommendations.  Defendant's Motion to Sever Defendants is denied without prejudice.

B.    Motion to Suppress Statements

Warnings under Miranda "are required before any statement may be admitted [that was] elicited from a person *in custody* through interrogation." Endress v. Dugger, 880 F.2d 1244, 1248 (11th Cir. 1989) (emphasis added). "Even if a person has not been arrested, advice of Miranda rights is required if there is a restraint on freedom of movement of the degree associated with a formal arrest."  United States v. Muegge, 225 F.3d 1267, 1270 (11th Cir. 2000).  "The key inquiry in determining if interrogation was custodial is whether an innocent individual in that situated would feel free to leave."  Id. at 1271.  The Eleventh Circuit considers several factors in evaluating whether an individual is "in custody" for the purposes of Miranda, including whether the officers brandished their weapons, touched the individual, or used language or a tone that indicated the individual's compliance could be compelled.  See United States v. Street, 472 F.3d 1298, 1309 (11th Cir. 2006).

The Magistrate Judge found that Defendant was not "in custody" during his interview, including because Defendant agreed to be interviewed and arrived without the assistance or involvement of law enforcement; SA Butts told Defendant that he was free to leave at any time; the tone of the interview was calm and not confrontational; the agents did not touch Defendant, brandish their weapons, or prevent Defendant from leaving; and when Defendant indicated that he wanted to speak with a lawyer, the questions stopped and Defendant was permitted to leave.  The Magistrate Judge concluded that, because Defendant was not in custody when he made statements to the agents, Miranda warnings were not required.  On these facts, the Magistrate Judge also concluded that Defendant's statements were made voluntarily.  See, e.g., Bram v. United States, 168 U.S. 532, 542-43 (1897) ("a confession, in order to be admissible, must be free and voluntary; that is, [it] must not be extracted by any sort of threats or violence, nor obtained by any direct or implied promises, however slight"); Colorado v. Connelly, 479 U.S. 157, 170 (focus of the voluntariness inquiry is whether defendant was coerced by the government into making the statement). The Court finds no plain error in the Magistrate Judge's findings and recommendations.  Defendant's Motion to Suppress Statements is denied.

## IV.   CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Catherine M. Salinas's

Report and Recommendation [125] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Defendant Willie Hubbard's Motion to

Sever Defendants [84] is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Suppress

Statements [83] is **DENIED**.

**SO ORDERED** this 11th day of May, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE